**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-00917-001-TUC-JAS (LCK) |
| Plaintiff, | **ORDER** |
| v. | |
| Omar Stephenson, | |
| Defendant. | |

Pending before the Court is Defendant's Motion for Review by District Court Judge of Detention Order (Doc. 68). The Court held a de novo hearing on November 13, 2019. (Doc. 93.) The Court took the matter under advisement. In addition to the hearing, the Court reviewed the parties' filings (Docs. 68, 74), Pretrial Services' Violation Report (Doc. 48), the Amended Petition to Revoke Pretrial Release (Doc. 61), and the transcript of the previous hearing (Doc. 107), including exhibits admitted into evidence at said hearing.

Defendant was originally charged with Conspiracy to Commit Mail and Wire Fraud and Conspiracy to Commit Money Laundering. (Doc. 1.) The indictment was later superseded to add an additional defendant. (Doc. 22.) Defendant was released on his own recognizance. (Doc. 8.) Defendant's Pretrial Services Officer petitioned for action based on the following alleged violations: (1) "[o]n July 14, 2019[,] the defendant was arrested by Lawrenceville Police Department in Gwinnett County and is being charged with committing the offenses of Aggravated Assault, a felony, and Batter, a misdemeanor" and (2) "Per the report from the Gwinnett County Police Department, dated July 14, 2019, the

defendant verbally reported having possessed a weapon on this date." (Doc. 61.)

On September 19, 2019, Magistrate Judge Lynnette C. Kimmins held an evidentiary hearing and found that Defendant violated with respect to the second allegation. (Doc. 62.) She found that "There is evidence that was presented today that shows for at least a period from Friday through Sunday that weapon was in his apartment. There's testimony that it was a smaller apartment, that the gun was -- that the gun box itself was located in the living room and that the gun at the time of the incident was laying on the counter. And I understand that Mr. Stephenson has said he did not see the gun prior to the incident. The fact remains it's his apartment. He has an individual in there that has had -- has a weapon in his apartment." (Doc. 107 at 55:13-22.) Further, she stated that "[her] general practice with respect to the do not possess any firearm, destructive device, or other dangerous weapon or ammunition, when [she] speak with a defendant, [she] make it perfectly clear that they are not to have weapons in their house. There's testimony at this time that there was a weapon in his apartment. There's also testimony from the previous incident that the weapon was -- an additional weapon was in his vehicle when he dropped off Ms. Knibbs from the airport. There's inconsistent statements from Mr. Stephenson himself when he indicates he dropped her off and then somehow says the car dropped her off but doesn't indicate anything. I recognize that that particular weapon is not part of the amended petition. However, I think it can be used by the Court with respect to his release conditions." (*Id.* at 56:1-15.)

Further, Magistrate Judge Kimmins found that there was insufficient evidence to prove that Defendant violated his conditions of release with respect to the first allegation. (Doc. 62.) She also orally found that "Regarding his current conditions of detention or release, at this time I do find that he is a risk of flight and nonappearance by the simple matter that he's not complying with the Court's conditions. I also find, based on the fact that his noncompliance deals with at least one if not two possessions of firearms, that he is a danger to the community. So at this time, I am going to have him detained." (Doc. 107 at 57:3-9.) Defendant requested review. (Doc. 68.)

This Court reviews a Magistrate Judge's detention order de novo. *United States v. Koenig*, 912 F.2d 1190, 1191 (9th Cir. 1990). We review the evidence before the magistrate with no deference and make independent findings. *Id.* at 1192–93. Once a defendant is released, the Government may initiate a request to revoke the order of release based on a violation of a condition of release. 18 U.S.C. § 3148(b). The judicial officer is charged with determining if there is either "probable cause to believe that the person has committed a Federal, State, or local crime while on release; or [] clear and convincing evidence that the person has violated any other condition of release." *Id.* § 3148(b)(1). If the judicial officer also finds that either "based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or [] the person is unlikely to abide by any condition or combination of conditions of release[,]" the defendant will be detained. *Id.* § 3148(b)(2).

**FACTS**

Based on the record, briefs, and transcripts before the Court, the Court finds the facts to be as follows:

This incident came to Defendant's Pretrial Services Officer because of an arrest in Georgia, where Defendant used a firearm during an altercation with his ex-girlfriend, Ashley Knibbs. (Doc. 107 at 7:2-24, 8:22-25, 15:20.)

Before the incident in question, Defendant drove Ms. Knibbs to the airport so she could go on a cruise. (*Id.* at 16:15-17.)[1] She apparently had her firearm with her and gave it to Defendant or left it in his vehicle. (*Id.* at 17:19, 35:4-5.) This firearm was not recovered. (*Id.* at 25:16.) Defendant apparently gave Ms. Knibbs' firearm to another individual, Jamar Gibbon. (*Id.* at 25:25-26:1.)

On the day before and the day of the incident, which was July 14, 2019, she texted Defendant that she would like her "strap" back. (*Id.* at 17:11.) Defendant's friend, Damion

---

[1] At one-point Defendant denies driving Ms. Knibbs to the airport. (*Id.* at 45:3-4.) He states that his car was used but he was not the driver; and therefore, no firearm was left with him. (*Id.* at 45:24-46:2.) However, he also stated, "When I dropped her at the airport, she was going on a cruise, not to Jamaica." (*Id.* at 45:17-18.)

Gaston, was at Defendant's apartment and had been for a few days. (*Id*. at 29:21-22, 36:4-9.) He brought a firearm with him in a box. (*Id*. at 21:7-11.) Ms. Knibbs came into the apartment. (*Id*. at 18:2-4.)

At this point the story varies depending on the teller. (*Id*. at 17:20-22.) Ms. Knibbs asserts that Defendant initiated the physical altercation when she came to his house to retrieve the weapon and that she used a knife in self-defense. (*Id*. at 18:8-13.)[2] A witness to the incident, Damion Gaston,[3] did not opine on who began the physical altercation. (*Id*. at 20:14-16.) He attempted to break the fight up and that he was pushing Ms. Knibbs to the door when he heard a shot. (*Id*. at 20:17-20.) Defendant asserts that Ms. Knibbs previously threatened to fight him by text message and that once he maneuvered her out of his bedroom, she began to attack him. (*Id*. at 38:25-39:5.) All three stories agree that Defendant went to the kitchen, which is an undefined distance from the altercation, and retrieved Mr. Gaston's firearm. (*Id*. at 30:10-14.) Then Defendant shot Ms. Knibbs in the leg with Mr. Gaston's firearm. (*Id*.) Defendant asserts that he did not have any knowledge of the firearm's presence within his apartment until the incident. (*Id*. at 36:10-14.) The firearm was in the open on the kitchen counter. (*Id*. at 49:21-23.) Mr. Gaston's firearm was not found at the scene, but the box was found in the living room of Defendant's apartment. (*Id*. at 21:7-8.)

## **FINDINGS**

The Court agrees with the Magistrate Judge's findings. Defendant possessed Mr. Gaston's firearm for the days that Mr. Gaston was in his apartment with the firearm. While Ms. Knibbs' firearm is not a part of the amended petition, it does seem that this incident demonstrates that Defendant is around firearms, people with firearms, and takes temporary possession of those firearms from time to time. Accordingly, the Court finds by clear and convincing evidence that Defendant did violate his conditions of release.

The Court finds based on Defendant's disregard of the conditions and the warnings

---

[2] This testimony is hearsay introduced through FBI Special Agent Bret Curtis. Ms. Knibbs did not testify before this Court or the Magistrate Judge.
[3] This testimony is hearsay introduced through Agent Curtis. Mr. Gaston did not testify before this Court or the Magistrate Judge.

of Magistrate Judge Kimmins that there is no condition or combination of conditions of release that will assure that he will not flee or pose a danger to the safety of any other person or the community or he is unlikely to abide by any condition or combination of conditions of release. Accordingly, Defendant shall remain detained. The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS HEREBY ORDERED that Defendant's Motion to Review is denied to the extent that Defendant shall remain detained and the Magistrate Judge's determinations stand.

Dated this 11th day of December, 2019.

Honorable James A. Soto
United States District Judge